THE APPEAL TAX COURT OF BALTIMORE CITY *vs.* THE BALTIMORE CEMETERY COMPANY.

*Exemption from Taxation of Land and the Improvements thereon, used for the purposes of a Cemetery—Construction of the Act of* 1849, *ch.* 71, *Incorporating the Baltimore Cemetery Co., and of Art.* 3, *sec.* 47 *of the Constitution of* 1850—*Mode of Assessment prescribed by the Act of* 1876, *ch.* 260, *sec.* 17.

The seventh section of the Act of 1849, ch. 71, by which the Baltimore Cemetery Company is incorporated, provides: that "the land of the company dedicated to the purposes of a cemetery, shall not be subject to taxation of any kind." The assessors of the City of Baltimore, under the Act of 1876, ch. 260, valued to the said corporation for taxation the part of its land lying in the city, and used for purposes of burial, and also the permanent improvements on it, being the gate houses and other improvements of the cemetery. On application to the Court below, under the Act of 1876, ch. 260 sec. 28, the appellant was directed to strike the company's property from the assessment lists. HELD:

1st. That the charter of the company having been granted before the adoption of the Constitution of 1850, it is not affected by, or subject to the provision contained in Art. 3, sec. 47 thereof. It constitutes a contract, and cannot, without the consent of the company, be repealed or altered by the Legislature.

OCTOBER TERM, 1878. 433

Appeal Tax Court of Balt. City *vs.* Baltimore Cemetery Co.

2nd. That the exemption from taxation secured to the company by the afore recited section of its charter, embraces the permanent improvements on the land used for the purposes of a public cemetery, and which are essential to the use and enjoyment of the land for the purpose contemplated in the charter.

The provision of the Act of 1876, ch. 260, sec. 17, which requires the assessors in valuing real estate to estimate the value of the land per acre, and "separately to value the improvements thereon," was not designed to convert the improvements into personalty or to separate them from the realty, it was intended only to point out the mode in which the assessment should be made, and the aggregate value of the land with the improvements ascertained.

APPEAL from the Baltimore City Court.

This appeal was taken from an order of the Court below passed on the 23rd May, 1878, in proceedings instituted by the Baltimore Cemetery Company, under the Act of 1876, ch. 260, sec. 28, whereby the Appeal Tax Court was directed to strike from the list of property valued and assessed to it, as not subject to taxation, certain property belonging to it. From this order the Appeal Tax Court appealed. The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J.

*A. Leo Knott, State's Attorney for Baltimore City,* and *Charles J. M. Gwinn, Attorney-General,* for the appellant.

The land of this Cemetery Company was exempted from taxation; and the order of the Court below, therefore, was right in directing that such land should be stricken from the list of property assessed to said company. The improvements, however, on the land, which were separately valued, under the Act of 1876, ch. 260, and the personal property valued to the corporation, were properly placed upon the assessment lists, under the express direc-

434　　　　　　MARYLAND REPORTS.

Appeal Tax Court of Balt. City *vs.* Baltimore Cemetery Co.

tions of the Act of 1876, ch. 260, sec. 17, and ought not to have been stricken from such lists. *Yeo vs. Leaman,* 2 *Strange,* 1190, 1191; *Hyde vs. Hill,* 3 *Term,* 379; *Watson vs. Home,* 14 *Eng. C. L.,* 47, 48; *Smith vs. Humble,* 80 *Eng. C. L.,* 327, 328.

*William A. Fisher,* for the appellee.

It is conceded that the land ought not to have been valued for taxation, but it is contended that the fixed improvements were properly valued, and are subject to taxation. The appellee submits that there is no just foundation for this proposition. The effort is made to support it by the language of the Act of 1876, ch. 260, sec. 17, which directs that the improvements on each lot of ground shall be valued separately. The improvements in question are all fixed erections upon the land, used for the purposes of the cemetery. They are part of the realty. For purposes of convenience, the statute directs a separate valuation of the improvements on the land, but it does not seek to convert them into personalty, nor does it anywhere declare that they are not to be treated as realty.

BARTOL, C. J., delivered the opinion of the Court.

The appellee is a cemetery company incorporated by the Act of 1849, ch. 71, and owns about one hundred acres of land, of which seventy-five acres are within the limits of the City of Baltimore.

The petition states that this property has been purchased, set apart and dedicated for the cemetery of the petitioner; that for many years past it has been engaged in making sales of parts of said cemetery tract, in small lots to various persons, as burial lots, and it has in this manner disposed of about forty-four acres of the said tract of land, and in very many of said lots burials have been made.

The petition states that the assessors of the seventh ward of the city, proceeding under the *Act of* 1876, *ch.* 260,

have assessed the whole of said seventy-five acres of land, lying in the city, at the rate of one thousand dollars per acre, assessing the whole at $75,000, and have also assessed the permanent improvements upon the same, being the gate-houses and other improvements of the cemetery, at the further sum of $2350.   These improvements, the petition alleges, are *fixed improvements used in connection with the cemetery;* and claims that the whole of said property is exempt from taxation.   This exemption is claimed under the *seventh* section of the charter, which provides,

"That burial lots in said cemetery shall not be subject to the debts of the lot-holders thereof, *and the land of the company dedicated to the purposes of a cemetery* shall not *be subject to taxation of any kind."*

The charter having been granted before the adoption of the Constitution of 1850, it is not affected by, or subject to the provision contained in Art. 3, sec. 47, of the Constitution of 1850.   It constitutes a contract, and cannot, without the consent of the company, be repealed or altered by the Legislature.   The exemption from taxation secured to the appellee by its charter was inviolable.   *Home of the Friendless vs. Rouse,* 8 *Wal.,* 430.

This has been conceded by the Attorney-General.   The only question is as to the extent of the exemption.

By the 7th section above quoted, "the land of the company dedicated to the purposes of a cemetery is declared not to be subject to taxation."   It is argued that this exemption does not extend to, or include the improvements on the land, because by the 17th section of the Act of 1876, the assessors are required, in valuing real estate, to estimate the value of the land per acre, and "separately to value the improvements thereon."

But this requirement was not designed to convert the improvements into personalty, or to separate them from the realty, nor can it be construed to have that effect; it was intended only to point out the mode in which the

assessment should be made and the whole aggregate value of the land with the improvements ascertained. The whole context shows that the permanent improvements are treated as realty, as the law regards them ; and in our judgment the exemption of the lands from taxation necessarily embraces also an exemption of the permanent improvements thereon, *used for the purposes of a public cemetery, and which are essential to the use and enjoyment of the land for the purpose contemplated in the charter.* Such was the character of the improvements in this case. There was no error, therefore, in the order of the City Court directing the same to be stricken from the assessment. It appears from the record that there was included in the assessment list certain personal property, viz., *a horse* and cart valued at $100, which it was admitted would be liable to assessment, and was not referred to in the petition. But there being some mistake as to the ownership, or for some other reason, it was, by agreement of counsel, included in the order of the City Court, and no question with respect thereto is made on this appeal.

The order of the City Court will be affirmed with costs, and the record remanded.

*Order affirmed.*

(Decided 7th February, 1879.)